# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 09, 2019

Mr. David Crews
Northern District of Mississippi, Aberdeen
United States District Court
301 W. Commerce Street
Aberdeen, MS 39730

    No. 19-60835   In re: Thomas Taylor
                          USDC No. 1:19-CV-172

Dear Mr. Crews,

Enclosed is a copy of the judgment issued as the mandate.

                          Sincerely,

                          LYLE W. CAYCE, Clerk

                          By: _____
                          Rebecca L. Leto, Deputy Clerk
                          504-310-7703

cc w/encl:
    Mr. Thomas Taylor

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-60835

In re: THOMAS TAYLOR,

                Movant

A True Copy
Certified order issued Dec 09, 2019

Lyle W. Cayce
Clerk, U.S. Court of Appeals, Fifth Circuit

Motion for an order authorizing
the United States District Court for the
Northern District of Mississippi to consider
a successive 28 U.S.C. § 2254 application

---

Before JONES, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM:

    Thomas Taylor, Mississippi prisoner # 41189, has applied for leave to file a second or successive 28 U.S.C. § 2254 application challenging his aggravated rape conviction and life sentence. He wishes to assert claims related to an allegedly forged indictment, DNA testing, and the trial court's competency determination.

    To obtain authorization, Taylor must make a prima facie showing either (1) that his claims rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) that the factual predicate for his claims "could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the

applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2), (b)(3)(A), (C). In addition, this court will not authorize the filing of a successive § 2254 application asserting claims that were presented in a prior application. *See* § 2244(b)(1), (b)(3)(C); *In re Young*, 789 F.3d 518, 525 (5th Cir. 2015).

Taylor previously presented his proposed claim related to the allegedly forged indictment, and he may not relitigate that claim in a successive application. *See* § 2244(b)(1); *In re Young*, 789 F.3d at 525. With respect to the remaining claims, Taylor fails to make the requisite showing under § 2244(b)(2)(A) or (B). Accordingly, IT IS ORDERED that Taylor's motion for authorization is DENIED.

This is Taylor's second unsuccessful motion for authorization to file a successive § 2254 application with respect to his claims based on the allegedly forged indictment and DNA testing. Taylor is WARNED that the continued filing of frivolous, repetitive, or otherwise abusive attempts to challenge his conviction and sentence may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.